# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**ROBERT LEE WRIGHT, III**
**DOC # D-U01281,**

    **Plaintiff,**

vs.                                              Case No. 4:24cv310-MW-MAF

**UNKNOWN OFFICERS AND NURSES,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, who is a pro se prisoner, submitted a civil rights complaint, ECF No. 1, to this Court on August 8, 2024. Plaintiff also filed an in forma pauperis motion, ECF No. 2, which has not yet been reviewed. That is because Plaintiff is well known to this Court as a "three striker."

In the past 8 months, Plaintiff has filed at least 16 cases.[1] Sometimes Plaintiff's complaints have been on the court form as required

---

[1] Judicial notice is taken of the following cases filed by Plaintiff since January 2024: 4:24-cv-00006-MW-MAF; 4:24-cv-00011-AW-MAF; 4:24-cv-00012-MW-MAF; 4:24-cv-00017-WS-MAF; 4:24-cv-00051-AW-MAF; 4:24-cv-00060-WS-MAF; 4:24-cv-00088-MW-MAF; 4:24-cv-00107-AW-MAF; 4:24-cv-00108-WS-MAF; 4:24-cv-00132-WS-MJF; 4:24-cv-00142-MW-MJF; 4:24-cv-00155-WS-MAF; 4:24-cv-00212-WS-MAF; 4:24cv296-MW-MAF; and 4:24-cv-00235-MW-MAF.

by the rules of this Court, but sometimes they have not. This case was initiated by the submission of a handwritten "complaint" on blank paper. Had Plaintiff used the court form, he would have been required to disclose all prior cases he had filed, and inform the Court if he had accumulated "three strikes." Such disclosures are necessary because a prisoner is entitled to in forma pauperis status only if the prisoner meets the qualification of 28 U.S.C. § 1915(g) - that is, he has not brought "3 or more prior occasions" which were dismissed on the grounds that the complaint was "frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Judicial notice is taken that Plaintiff has had 3 prior cases dismissed for reasons which count as a "strike" under § 1915(g).

Plaintiff previously filed case number 4:24cv12-MW-MAF which was dismissed both as frivolous and for failure to comply with a court order. ECF No. 11 of that case. That dismissal properly counts as a "strike."

Plaintiff filed case number 4:24cv17-WS-MAF in this Court in January 2024. It was dismissed on April 9, 2024, "as a shotgun pleading, as malicious based on [Plaintiff's] affirmative misrepresentations regarding his

Case No: 4:24cv310-MW-MAF

litigation history, for failure to comply with court orders, and for failure to pay the filing fee." ECF No. 26 of that case. A "malicious" dismissal counts as a strike, and that is Plaintiff's second strike.

Additionally, Plaintiff filed case number 4:24cv132-WS-MJF in this Court in March 2024. That case was dismissed because Plaintiff's complaint failed to state a claim. ECF No. 19 at that case. That dismissal counts as Plaintiff's third "strike."

All three cases cited above were filed while Plaintiff was a "prisoner." Therefore, because Plaintiff has three "strikes," he is not entitled to proceed without paying the filing fee at the time of case initiation unless Plaintiff alleges that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Plaintiff presents no such allegations in his complaint, ECF No. 1.

In this case, Plaintiff alleges that on July 28, 2024, he was awakened by nurses and officers who placed him on a stretcher. ECF No. 1 at 2. Plaintiff was told he was having a "nervous breakdown," and he was taken to medical on a stretcher. *Id.* at 2-3. At some point later that morning he was released from medical care and walked back to his dormitory. *Id.* at 3. He complains that he was "forced to walk barefoot over the compound,"

which is not unconstitutional and makes sense considering he was "awaken [sic] out of sleep." Id. at 2.

Plaintiff claims he had another unexplained "medical emergency" the following day, and was scheduled for x-rays. Id. at 3. He complains that he was "released from medical . . . without any medicine, [a] pass to be excused from work," and was not given information "about the damages in his left hand." Id.

Those allegations do not reveal that he is facing imminent danger from any person or situation. Therefore, this case should be summarily dismissed without prejudice because Plaintiff did not submit the filing fee at the same time the complaint was submitted, and as a "three striker," Plaintiff is not entitled to belatedly pay the filing fee. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that an action must be dismissed without prejudice when an inmate who is subject to § 1915(g) does not pay the filing fee at the time he initiates the suit). "The prisoner cannot simply pay the filing fee after being denied in forma pauperis status." Id.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that Plaintiff's motion for leave to proceed in forma pauperis, ECF No. 2, be **DENIED** because Plaintiff is

barred from proceeding with in forma pauperis status pursuant to 28 U.S.C. § 1915(g), that this case be **DISMISSED without prejudice**, and the Order adopting this Report and Recommendation should direct the Clerk of Court to note on the docket that this case was dismissed pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on August 12, 2024.

S/ Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**